344 A.2d 804

In the Matter of Harry J. OXMAN and
Ralph S. Levitan, Appellants.

Supreme Court of Pennsylvania.

Argued June 24, 1975.

Decided Oct. 3, 1975.

Thomas B. Rutter, Philadelphia, for appellants.

William P. Stewart, Philadelphia, for appellee, Special Judicial Investigation.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

In the case of *In re Silverberg*, 459 Pa. 107, 327 A.2d 106 (1974), we held that:

" . . . appellants are entitled to a new disciplinary hearing at which no use of their prior claim of the privilege against self-incrimination should be permitted." At page 113.

On remand the special disciplinary court did not conduct a new hearing but merely reconsidered the record of the prior hearing, purporting to disregard the tainted evidence that had been introduced therein. We hold that this procedure failed to comply with our mandate in *Silverberg*.

The order of the special disciplinary court is vacated and the matter is remanded to that court for a new disciplinary hearing in compliance with our prior order.

POMEROY filed a dissenting opinion in which JONES, C. J., and NIX, J., join.

POMEROY, Justice (dissenting).

When this case was here previously, see *In re Silverberg et al.*, 459 Pa. 107, 327 A.2d 106 (1974) this Court, by divided vote, remanded for further consideration.

The question now before us is the scope of the remand, and whether or not it was carried out by the lower court.

If the matter is not altogether free from doubt, it must be because of what we ourselves said at the time of the earlier appeal. The experienced judges who comprised the court en banc below obviously gave careful and thoughtful consideration to their duty on remand, and concluded, on the basis of their reading of our opinions and after obtaining the views of the respective counsel, that a completely new evidentiary hearing was not intended. For my part, I cannot say that they were wrong in so concluding. I therefore must dissent from today's order, and do so on the basis of the supplemental opinion filed by the court en banc with its order of December 27, 1974, a copy of which is appended hereto.

## APPENDIX

### IN THE COURT OF COMMON PLEAS
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| IN THE MATTER OF<br>EDWARD L. SILVERBERG<br>HARRY J. OXMAN<br>RALPH S. LEVITAN | AUGUST TERM,<br>1972<br><br>No. D–29 |
|---|---|

### SUPPLEMENTAL OPINION and ORDER

Before KLEIN, A. J., MONTEMURO, A. J., and BARBIERI, J.

We have carefully studied the four opinions filed by the learned Justices of the Supreme Court in these proceedings. As a result of our study it seems clear to us that the case should not be referred to a new disciplinary court to hear the entire matter de novo. Our understanding of the Supreme Court's decision is that we are directed to re-assess our judgment as to the credibility of

the witnesses, excluding any consideration of the fact that respondents Oxman and Levitan invoked the protection of the Fifth Amendment of the Constitution of the United States in the preliminary hearings before Judge Shoyer.

Chief Justice Jones and Justice Pomeroy are in agreement with our conclusions and would affirm our decision. It is therefore obvious that they are opposed to appointing a new disciplinary court to hear the matter de novo. Mr. Justice Nix, in the footnote to his concurring opinion said:

> "The dissent is also misleading insofar as it suggests that the mandate of the majority's opinion requires a second complete evidentiary hearing. The order only requires that the court below reassess its judgment as to the credibility of the witnesses, excluding any consideration for the fact that they may have invoked the protection of the 5th Amendment in another proceeding."

Justice Roberts, who wrote the majority opinion joined in Justice Nix's concurring opinion. Accordingly, we must conclude that a majority of the Supreme Court has ruled that a new disciplinary court should not be appointed.

We have again carefully studied the record in this case and reviewed our previous opinion. We were cognizant then, as we are now, that the invocation by the respondents of their constitutional privilege not to testify before Judge Shoyer must not in any manner prejudice their position unfavorably upon their later testimony.

We said, in our opinion, at page 8:

> "Of course, the right to practice law is a constitutionally protected right and an attorney cannot be deprived of such right except by due process of law. *In re Ruffalo,* supra [390 U.S. 544, 88 S.Ct. 1222, 20 L. Ed.2d 117]: *Schlesinger Appeal,* 404 Pa. 584 [172 A.

2d 835] (1961). He must be accorded the privilege against self-incrimination. *Spevack v. Klein,* 385 U.S. 511 [87 S.Ct. 625, 17 L.Ed.2d 574] (1967). He cannot be compelled to testify and no unfavorable inference can be drawn from his failure to testify. *Griffin v. California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106] (1965)."

We do now, as we did previously, regard the refusal of respondents Oxman and Levitan to testify before Judge Shoyer as unimpeachably proper, particularly as it was based upon the advice of their counsel. Their refusal to testify was not taken into consideration by us in any manner or to any degree, and did not adversely affect the respondents in any way. In our opinion, the other evidence presented before us clearly established that the three respondents were guilty of serious unethical conduct and were subject to discipline. Our conclusions were based solely upon our resolution of the credibility of the witnesses who appeared before us and the documentary proof submitted at the hearings.

Further, we affirmatively assert that our assessment of the credibility of the primary defense witnesses, the respondents Oxman and Levitan themselves, is not now, and was not when we rendered our original opinion, impaired by the references to their prior claims of the privilege against self-incrimination. We therefore reaffirm our previous decision that respondents, Oxman, Levitan and Silverberg should be disciplined and enter the following

## ORDER

JONES, C. J., and NIX, J., join in this dissenting opinion.